**MARC B. GELLER**
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
State of California Bar No.057083
1202 Kettner Boulevard, Suite 4200
San Diego, California 92101-3342
Telephone:(619) 239-9456
Fax: (619) 239-9334

Attorney for Defendant DANIELLE CHRISTINE LYNCH

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# (HON. BARRY T. MOSKOWITZ)

| UNITED STATES OF AMERICA, | ) Case No.: 08 CR1834-02-BTM |
|---|---|
| Plaintiff, | ) NOTICE OF MOTION AND MOTION FOR |
| v. | ) DISCOVERY AND INSPECTION AND FOR |
|  | ) LEAVE TO FILE ADDITIONAL MOTIONS |
| DANIELLE CHRISTINE LYNCH, | ) DATE: July 25, 2008 |
| Defendant. | ) TIME: 3:30 p.m. |

TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY, AND SHERRI WALKER HOBSON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 25, 2008 at 3:30 p.m., or as soon thereafter as counsel may be heard, defendant, DANIELLE CHRISTINE LYNCH, by and through her counsel, Marc B. Geller, A.P.C., will move this Court for the items listed in the attached motion and points and authorities in support of the motion for discovery.

////

////

////

////

////

1   This motion will be based on the points and authorities filed herewith, the records and files in
2   this cause, and on such additional material as may be presented to the Court prior to, or at the time of the
3   hearing on this motion.

5   DATED: July 16, 2008                              Respectfully submitted,

7                                                    s/Marc B. Geller
                                                     MARC B. GELLER
8                                                    Attorney for Defendant
                                                     DANIELLE CHRISTINE LYNCH

**MARC B. GELLER**
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
State of California Bar No.057083
1202 Kettner Boulevard, Suite 4200
San Diego, California 92101-3342
Telephone:(619) 239-9456
Fax: (619) 239-9334

Attorney for Defendant DANIELLE CHRISTINE LYNCH

**UNITED SATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. BARRY T. MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: No. 08 CR1834-02-BTM |
| Plaintiff, ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY AND FOR LEAVE TO FILE ADDITIONAL MOTIONS |
| vs. ) | |
| DANIELLE CHRISTINE LYNCH, ) | |
| Defendant. ) | |

**I**

**MOTION**

Defendant, DANIELLE CHRISTINE LYNCH, by and through her counsel, Marc B. Geller, A.P.C., and pursuant to provisions of Rules 12, 14, 16, 24 and 41 of the Federal Rules of Criminal Procedure and the 4th, 5th, 6th and 14th Amendments of the United States Constitution, hereby moves this Honorable Court to order the below enumerated items:

**II**

**REQUESTED ITEMS OF GENERAL DISCOVERY**

1. All pre-indictment and post-indictment statements of DANIELLE C. LYNCH, whether recorded or unrecorded, oral or written, signed or unsigned, made to government agents, which are relevant to the crimes charged, either with or without her knowledge that such persons were government

agents at the time she made said statements;

2. All pre-indictment and post-indictment statements of the defendant, DANIELLE C. LYNCH, whether recorded or unrecorded, oral or written, signed or unsigned made to persons other than government agents, which are relevant to the crimes charged, and whom the government intends to call as witnesses in this case;

3. All pre-indictment and post-indictment statements of the defendant, DANIELLE C. LYNCH, whether recorded or unrecorded, oral or written, signed or unsigned made to persons other than governments agents, which are relevant to the crimes charged and either exculpatory or inculpatory, whom the government does not intend to call as witnesses in this case;

4. All documents and other tangible objects which are material to the preparation of the defense, or are intended for "use" by the government at the trial of this case in its case-in-chief or in rebuttal, or which were obtained from or belong to the defendant;

5. The names of all persons the government intends to call as witnesses at the trial in its case-in-chief;

6. The names of all the persons who have given relevant information to the government about this instant case whom the government does not intend to call as witnesses at the trial;

7. The statements of all persons the government expects to call as witnesses at the trial of this case;

8. The statements of all persons having relevant information about this case, whether inculpatory or exculpatory, whom the government does not intend to call at the time of trial;

9. All pre-indictment and post-indictment statements of alleged co-conspirators whether or not indicated, either recorded or unrecorded, oral or written, signed or unsigned, made to governments agents, which are relevant to the crimes charged, either with or without their knowledge that such persons were government agents at the time they made such statements;

10. All pre-indictment and post-indictment statements of alleged co-conspirators whether or not indicated, either recorded or unrecorded, oral or written, signed or unsigned, made to persons other than government agents, which are relevant to the crimes charged, and whom the

government intends to call as witnesses in this case;

11. All pre-indictment and post-indictment statements of alleged co-conspirators whether or not indicated, either recorded or unrecorded, oral or written, signed or unsigned, made to persons other than government agents, which are relevant to the crimes charged and either exculpatory or inculpatory, whom the government does not intend to call as witnesses in this case;

12. The conviction records of all witnesses the government intends to call in its case-in-chief or rebuttal;

13. The full and complete extent of any dealing with, or promises or inducements to, prospective government witnesses in this case made by government attorneys, agents, and employees;

14. Notice of the government's intention to use any evidence (in its case-in-chief at the trial) which defendants may be entitled to suppress under Rule 4(a), 12 or 41 of the Federal Rules of Criminal Procedure, the Fourth, Fifth, or Sixth Amendments to the United States Constitution, and 18 U.S.C. Sections 2510, 2515, 2518 and 3504;

15. The Grand Jury testimony of all participating witnesses in, and percipient witnesses to, the crimes herein charged against the defendant;

16. The copies of any and all search warrants (including Affidavits in Support Thereof and Inventories listing articles seized when executing said warrant) that resulted in the seizure of evidence or the fruits thereof, which the government intends to introduce into evidence in its case-in-chief or in rebuttal;

17. All information in whatever form, source or nature, which is favorable to the defense and material to the issues of either guilt or punishment, either through an indication of the defendant's innocence, negation of any elements, charged offenses, or through the potential impeachment of government witnesses or contradiction of government evidence; and all information which may be or become of benefit to the defendant in preparing for, or presenting the merits of the defense at trial;

18. All documents and other tangible objects that tend to show acts or crimes not named in the indictment which the government may use to prove DANIELLE C. LYNCH's motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident;

19.     The names and addresses of all witnesses the government intends to or may utilize to show acts or crimes not named in the indictment to prove defendant's motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident.

### III

### STATEMENT OF THE FACTS

As of the date of the filing of this motion, the defense has only partial discovery. There should be reports, audio and video tapes, photographs and other materials from government agents which contain the requested items of discovery.

### IV

### DEFENDANT IS ENTITLED TO IMMEDIATE RULE 16 DISCOVERY

Rule 16 specifically authorizes discovery of the following categories of evidence:

(1)     The defendant's own statements, including tape recordings of the defendant; and

(2)     Documents and tangible objects.

**A.     Defendant's Own Statements**

Discovery under Rule 16 (a)(1)(A) is mandatory. 8 *Moore's Fed Practice* 16.05[1], p. 16-70; *United States v. Thevis*, 84 F.R.D. 47, 50 (N.D. GA 1979). The defendant is entitled to discovery of her statement of confession, whether recorded or unrecorded, oral or written, signed or unsigned. This mandate includes any statements of the defendant which are summarized in government reports. *United States v. Morrison,* 43 F.R.D. 516 (E.D. Ill. 1967); *United States v. Garrett*, 305 F.Supp. 267,268 (S.D. N.Y. 1969); and extends to the pre-indictment statements and statements of the defendant to third parties. *United States v. Lubomski*, 277 F.Supp. 713, 721 (N.D. Ill. 1967; *United States v. Leighton*, 265 F.Supp. 27, 34 (S.D. N.Y. 1967).

The defendant is entitled to examine tape recordings and transcripts of any tape recordings in which her voice was recorded, which were made by electronic surveillance, wiretap, or other surreptitious eavesdropping. *See, e.g.,* 18 U.S.C. §3504 (a) (2); *United States v. Walker*, 538 F.2d 266,

268 (9th Cir. 1976); *United States v. Bryant*, 439 F.2d 642, 648-649 (D.C. Cir. 1971); *United States v. James*, 495 F.2d 434, 435 (5th Cir. 1974); Rule 16 (a)(1)(A).

In addition to her right to discover statements she made, a defendant is also entitled to discovery of information concerning the circumstances under which those statements were made. *United States v. Feinberg,* 502 F.2d 1180, 1181 (7th Cir. 1974) *cert. Denied*, 420 U.S. 926 (1975); *United States v. Brighton Bldg. & Maintenance Company*, 435 F.Supp 222, 232 (N.D. Ill. 1977). The Seventh Circuit in *Feinberg*, as further explained in *Brighton Building*, made clear that regardless of defendant's entitlement to discover statements she made, the trial court may grant discovery of information concerning the circumstances of those statements. Id. *Feinberg* holds that this information does not fall within the Jencks Act and thus is discoverable under Rule 16. Id. At 1181.

**B.    Documents and Tangible Objects**

The Federal Rules of Criminal Procedure make mandatory disclosure for inspection and copying "books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant."  Therefore, a defendant may inspect and copy documents and tangible objects, if one of the three situations exists: (a) disclosure is material to the defense; (b) the government intends to use the documents or tangible object in its case-in-chief, or (c) the document or tangible object was obtained from or belongs to the defendant.

**V**

**THE DEFENDANT IS ENTITLED TO IMMEDIATE DISCOVERY OF ALL EXCULPATORY EVIDENCE IN THE POSSESSION OF THE GOVERNMENT**

Defendant requests access to various materials which are exculpatory to or which contradict the government's case. Each of these items is immediately discoverable as exculpatory evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963).

The decision in *Brady* had been preceded by the early opinion in *Mooney v. Holohan*, 294 U.S. 103 (1935). There, the court held that a conviction could not stand which was based upon the knowing use of perjured testimony. Twenty-four years later, the court in *Napue v. Illinois*, 360 U.S. 164 (1959),

applied the *Mooney* rule to the prosecution's failure to correct material false evidence although not knowingly admitted by the prosecution.

In *Brady*, the court extended the principles of *Mooney* and *Napue* to require the prosecution to disclose potentially exculpatory material to the defendant. In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Supreme Court held that failure to disclose material, favorable evidence will result in reversal of a conviction. Id. Evidence is material if there is "any reasonable likelihood [that it would] have affected the jury." *Id.*

In this Circuit, the statutory effect of *Brady* applies to either the willful or negligent withholding of material favorable evidence. *Thomas v. United States*, 343 F.2d 49, 53 (9th Cir. 1965). *Thomas* restates the settled rule that "a conviction cannot stand where a prosecutor has, either willfully or negligently withheld material evidence favorable to the defendant."

*Brady* has been applied to a failure to disclose promises of leniency, perjury by government witnesses, impeaching evidence, evidence corroborating the defense, or failure to grant immunity. *See, generally,* 70 Georgetown Law Review, "Project: Criminal Procedure", 547, 592 and n. 1047-1051 (1981) and cases cited.

The defense has specifically requested that the government provide the defense with information pertaining to DANIELLE C. LYNCH which could exculpate her at a trial, including the names of all individuals with whom she dealt, or persons with whom she spoke, of which the government is aware.

## VI

## **DEFENDANT IS ENTITLED TO A GOVERNMENT WITNESS LIST**

Defendant requests the identity and address of potential government witnesses. The nature of this case mandates that the request be granted immediately. This case may be a lengthy one to try. To date, defendant has not been given sufficient discovery to determine the identities of all, or even a substantial number, of government witnesses or of potential defense witnesses. Defendant thus is hampered severely in her ability to investigate the circumstances charged in the indictment. That investigation, however, is essential to proper cross-examination of the government witnesses, and to the preparation of a defense. Background investigation of a witness cannot begin, obviously, until the identity of the witness is known to the defendant.

In recognition of these difficulties, it has been acknowledged that the Court has inherent power to require the government to produce its witness list. *United States v. Jackson*, 508 F.2d 10001 (7th Cir. 1975); *United States v. Richter*, 488 F.2d 170, 173-174 (9th Cir. 1973).

In *Richter*, the court acknowledged that neither the Jencks Act or the Federal Rules of Criminal Procedure specifically authorize the court to require production of a witness list by the government. *Id*. It recognized, however, that "even the rules themselves do not purport to set outer limits of the power of the court." *Id*. At 173. Pointing specifically to Rule 57(b), the court found authority to conclude that the witness list may be ordered.[1] *See also United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980).[2]

The sufficiency of the factors in this case to justify such an order is demonstrated by *United States v. Jackson,* 508 F.2d 1001, 1007-08 (7th Cir. 1975):

> The proper circumstances which would permit the court to order the Government to produce its list of witnesses are present here. The defendant and others were charged with conspiracy to commit mail theft and other substantive violations. During the course of the status reports, the Government advised the trial court that the case would be quite lengthy because of the number of defendants and checks involved. At the December 18 pretrial conference, the Government again stated that the trial would be quite time consuming because they estimated that 100 checks and 100 witness would be involved. The case was described as "tedious [though] not particularly complex."

Based on these factors, the District Court ordered the production of the witness statements to enable it to better estimate the length of trial; to expedite the trial by fostering more purposeful cross-examination; and to protect against the adverse consequences of the situation in which a "juror is acquainted with the witnesses by permitting knowledgeable voir dire questions." *Id.* The Seventh Circuit concluded that the District Court had acted within the bounds of its discretion, "considering the requirements necessary to prove the elements of the offenses charged, and in view of the large number of defendants, witnesses and exhibits thought to be involved…" *Id.*

---

[1] Fed. R. Crim. P. 57(b) provides in part that "[I]f no procedure is specifically proscribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."

[2] At least one commentator has concluded that witness statements are discoverable under the rules. See 8 Moore's Federal Practice, Paragraph 16.05[4], 16-58 (2d Ed.).

**VII**

Defendant, DANIELLE C. LYNCH, hereby requests leave of Court to file additional motions after counsel has had an opportunity to review the discovery requested herein.

**VIII**

**CONCLUSION**

For reasons cited herein, it is respectfully submitted that the Court should enter an Order granting each of the items requested.

DATED: July 16, 2008                              Respectfully submitted,


                                                  s/Marc B. Geller
                                                  MARC B. GELLER
                                                  Attorney for Defendant
                                                  DANIELLE CHRISTINE LYNCH